1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY SHRONE PERSON,

                Plaintiff,

    v.

MELISSA ANDREWJESKI, *et al.*,

                Defendants.

Case No. C23-5628-JCC-MLP

REPORT AND RECOMMENDATION

## I.      INTRODUCTION

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff Anthony Shrone Person ("Plaintiff"), proceeding *pro se*, is currently confined at the Coyote Ridge Corrections Center ("CRCC") in Connell, Washington. Plaintiff has submitted to this Court for filing: (1) an application to proceed *in forma pauperis* ("IFP") (dkt. # 4); (2) a proposed § 1983 complaint (dkt. # 4-1); (3) a proposed motion requesting the Court to take judicial notice of designated records (dkt. # 4-3); (4) a proposed motion seeking relief from judgment (dkt. # 4-4); (5) a proposed motion seeking transfer from state to federal jurisdiction (dkt. # 4-5); (6) a proposed "probable cause" motion (dkt. # 5); (7) a proposed "note-up criminal proceedings complaint" motion (dkt. # 6); and (8) a proposed "objection to denial of commence (sic) criminal

REPORT AND RECOMMENDATION - 1

1  proceedings" motion (dkt. # 7). Plaintiff's proposed § 1983 complaint alleges multiple violations

2  of his Fourth, Fifth, and Fourteenth Amendment rights relating to his arrest and extradition from

3  the State of Michigan to the State of Washington, and subsequent prosecution and conviction, on

4  child sexual abuse charges. (*See* dkt. # 4-1.)

5      The Court, having reviewed Plaintiff's submissions and the balance of the record,

6  concludes that Plaintiff has not stated a cognizable claim for relief in this action. The Court

7  therefore recommends that Plaintiff's complaint (dkt. # 4-1) and this action be DISMISSED

8  without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The Court further recommends that

9  Plaintiff's application to proceed IFP (dkt. # 4) and proposed motions (dkt. ## 4-3, 4-4, 4-5, 5, 6)

10  be DENIED as moot.

### II.    BACKGROUND

12      Per his proposed complaint, Plaintiff identifies the following Defendants: (1) CRCC

13  Superintendent Melissa Andrewjeski; (2) Washington Attorney General Bob Ferguson; and (3)

14  Washington Assistant Attorney General John Joseph Sampson. (Dkt. # 4-1 at 3.) Plaintiff's first

15  claim alleges that his due process and equal protection rights under the Fourteenth Amendment

16  were violated between January 1, 2018, and August 31, 2021, when several government actors

17  from the State of Washington, Shelton Police Department, Mason County Sherriff's Department,

18  and/or other multi-jurisdictional law enforcement agencies in Michigan, unlawfully arrested and

19  extradited him from Michigan to Washington on "fraudulent child sexual abuse claims."[1] (*Id.* at

20  4-5.) Plaintiff further claims that unidentified false witnesses also "unlawfully testified" to the

21

22

23

---

[1] Throughout the body of his claims, Plaintiff identifies several government actors, who he appears to identify as either police officers, prosecutors, public defenders, private investigators, and/or judges, who participated in his arrest, trial, and conviction. (*See* dkt. # 4-1 at 4-8.)

REPORT AND RECOMMENDATION - 2

1  sexual abuse claims, resulting in his conviction on "18 separate and distinct child sexual abuse

2  convictions." (*Id.* at 5.)

3         Plaintiff's second claim alleges that his Fourth Amendment right to be free from

4  unreasonable search and seizure was violated by several other government actors and state

5  witnesses given their assistance in his arrest and extradition on the child sexual abuse claims.

6  (Dkt. # 4-1 at 6-7.) Plaintiff's third claim alleges that his due process and equal protection rights

7  under the Fifth Amendment were violated by government actors who either prosecuted,

8  adjudicated, or participated in his criminal trial due to their knowledge of the falsity of his sexual

9  abuse claims and their use "of the judicial system as a weapon" against him. (*Id.* at 7-8.)

10        As requested relief, Plaintiff seeks a federal investigation into the claims asserted in his

11  proposed complaint and a transfer from a state facility to a federal facility due to concerns for his

12  safety at the CRCC. (Dkt. # 4-1 at 9.) Plaintiff denotes in his requested relief that his claims are

13  not brought as an "attack on the judgment and sentence" because he has a pending habeas case

14  filed in this District. (*Id.* (citing *Person v. Andrewjeski*, C23-5434-BJR-TLF (W.D. Wash.).)

**III.    DISCUSSION**

16  **A.    Legal Standards**

17        Under the Prison Litigation Reform Act of 1996, the Court is required to screen

18  complaints brought by prisoners seeking relief against a governmental entity, officer, or

19  employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the

20  complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief

21  may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

22  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B); *see also Barren v. Harrington*, 152 F.3d

23  1193, 1194 (9th Cir. 1998).

REPORT AND RECOMMENDATION - 3

1    Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to

2    state a claim for relief it must contain a short and plain statement of the grounds for the court's

3    jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief,

4    and a demand for the relief sought. The statement of the claim must be sufficient to "give the

5    defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*

6    *v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to

7    raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

8    555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible

9    on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

10    In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) that

11    he suffered a violation of rights protected by the Constitution or created by federal statute; and

12    (2) that the violation was proximately caused by a person acting under color of state law. *See*

13    *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff

14    must allege facts showing how individually named defendants caused, or personally participated

15    in causing, the harm alleged in the complaint. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350,

16    1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

17    "The inquiry into causation must be individualized and focus on the duties and

18    responsibilities of each individual defendant whose acts or omissions are alleged to have caused

19    a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Vicarious

20    liability may not be imposed on a supervisory employee for the acts of their subordinates in an

21    action brought under § 1983. *Lemire v. California Dep't of Corrs. & Rehabilitation*, 726 F.3d

22    1062, 1074 (9th Cir. 2013). A supervisor may, however, be held liable under § 1983 "if he or she

23    was personally involved in the constitutional deprivation or a sufficient causal connection exists

REPORT AND RECOMMENDATION - 4

1    between the supervisor's unlawful conduct and the constitutional violation." *Jackson v. City of*

2    *Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

3        **B.    Analysis**

4        In this case, the Court observes that Plaintiff's alleged § 1983 claims are asserted only

5    against CRCC Superintendent Andrewjeski, Attorney General Ferguson, and Assistant Attorney

6    General Sampson. (*See* dkt. # 4-1 at 3.) Shortly before Plaintiff submitted the instant complaint

7    to the Court for filing, he was advised in his pending federal habeas action that concerns

8    regarding his safety within the Washington Department of Corrections and/or his conditions of

9    confinement were properly pursued in a civil rights action brought under § 1983.[2] *See Person*,

10   C23-5434-BJR-TLF, dkt. # 28. To that end, Plaintiff has now seemingly repurposed claims

11   brought in his habeas action as § 1983 claims against the named Defendants and requested relief

12   in the form of a transfer from the CRCC to a federal facility to address his safety concerns.

13   (*Compare* dkt. # 4-1 at 4-9 *with Person*, C23-5434-BJR-TLF, dkt. # 19.) However, because

14   Plaintiff's claims actually seek relief based on allegations relating to and challenging the validity

15   of his arrest and subsequent criminal conviction, Plaintiff is barred from seeking relief in this

16   case.

17       In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a

18   § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement

19   does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated,

20   or impugned by the grant of a writ of habeas corpus." *Id*. at 489. As liberally construed from the

21   face of his complaint, Plaintiff's claims in his proposed complaint all stem from his arrest and

22   conviction in Mason County. (*See* dkt. # 4-1 at 4-9.) But as evidenced by Plaintiff's active, albeit

23

---

[2] Plaintiff's habeas action is currently stayed because of his failure to exhaust his state court remedies
prior to seeking habeas relief. *See Person*, C23-5434-BJR-TLF, dkt. ## 35 at 1, 36.

REPORT AND RECOMMENDATION - 5

1  currently stayed, habeas case, Plaintiff's conviction underlying his claims at issue has not yet

2  been reversed, expunged, invalidated, or impugned by previous grant of habeas corpus. Thus,

3  under *Heck*, Plaintiff's claims have yet to accrue and are therefore not cognizable in this § 1983

4  proceeding.

5      Even if Plaintiff's claims were not barred by *Heck*, his complaint is deficient in other

6  respects. First, the complaint is deficient because it does not comply with the requirements of

7  Rule 8(a). Plaintiff's complaint generally alleges several government actors employed by the

8  State of Washington, Shelton Police Department, Mason County Sherriff's Department, and/or

9  government actors from the State of Michigan are responsible for his illegal arrest and wrongful

10  conviction. (*See* dkt. # 4-1 at 4-9.) However, the only named Defendants in Plaintiff's complaint

11  are CRCC Superintendent Andrewjeski, Attorney General Ferguson, and Assistant Attorney

12  General Sampson (*id.* at 3), and Plaintiff does not explicitly allege any claims against these

13  individuals nor does he casually connect them to the allegations in his claims. (*See id.* at 4-8.)

14  Plaintiff's claims therefore lack sufficient clarity and specificity to put any named Defendant on

15  notice of a particular claim against them and the precise constitutional grounds allegedly

16  violated. Consequently, Plaintiff's proposed complaint fails to allege facts showing how named

17  Defendants caused or personally participated in causing him the harm alleged in his claims as is

18  required to proceed under § 1983. *See Crumpton*, 947 F.2d at 1420; *Arnold*, 637 F.2d at 1355.

19      Furthermore, to the extent Plaintiff intends to allege claims regarding concerns for his

20  safety and/or his conditions of confinement at the CRCC, Plaintiff is advised that venue for such

21  claims is proper only in the Eastern District of Washington. *See* 28 U.S.C. § 1391(b). When a

22  case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of

23  justice, transfer such case to any district or division in which it could have been brought." 28

REPORT AND RECOMMENDATION - 6

1  U.S.C. 1406(a). Therefore, should Plaintiff attempt to assert future § 1983 claims related to his

2  confinement at CRCC, such claims must affirmatively demonstrate venue is proper in this

3  District or they will be subject to dismissal or transfer to the Eastern District of Washington.

4      Where a *pro se* litigant's complaint fails to state a claim upon which relief can be

5  granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't*

6  *of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). The Court may however deny leave to

7  amend if "it is absolutely clear that no amendment can cure the defect." *Id.* Because the claims

8  identified by Plaintiff in his proposed complaint concern his underlying criminal conviction,

9  which has not been reversed, expunged, invalidated, or impugned by grant of a writ of habeas

10  corpus, this Court recommends this § 1983 action be dismissed without leave to amend.

### IV.    CONCLUSION

12      Based on the foregoing, the Court recommends: (1) Plaintiff's complaint (dkt. # 4-1), and

13  this action, be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to

14  state a viable claim for relief under § 1983; (2) Plaintiff's application to proceed IFP (dkt. # 4) be

15  DENIED as moot; and (3) Plaintiff's proposed motions (dkt. ## 4-3, 4-4, 4-5, 5, 6, 7) be

16  DENIED as moot. A proposed Order accompanies this Report and Recommendation.

17      Objections to this Report and Recommendation, if any, should be filed with the Clerk and

18  served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

19  and Recommendation is signed. Failure to file objections within the specified time may affect

20  your right to appeal. Objections should be noted for consideration on the District Judge's

21  motions calendar for the third Friday after they are filed. Responses to objections may be filed

22  within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter

23  will be ready for consideration by the District Judge on **August 25, 2023.**

REPORT AND RECOMMENDATION - 7

1    The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and

2  to the Honorable John C. Coughenour.

3    Dated this 3rd day of August, 2023.

4

5    MICHELLE L. PETERSON
United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 8